### John Aiken *v.* The City of Philadelphia, Appellant.

*Negligence—Municipal neglect of streets—Repairs by a traction company.*

Motion for reargument of above case (which was argued October 14, 1898. Appeal, No. 145, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 587, on verdict for plaintiff). Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reargument refused.

See ante, p. 502, for report of case.

PER CURIAM, March 23, 1899:

The assistant commissioner of highways, who had charge of the district in which the plaintiff received his injuries, and who " was over the territory every few days and sometimes every day," described the work done by the traction company, as follows : " They reconstructed a trolley road, and laid heavier rails, and reconstructed the roadbed. They tore up the old tramway and laid a regular trolley construction, and had a force of about one hundred men, and as they closed up the work they closed up the excavation, and they had it paved up between the tracks, and it filled the dirt excavation flush with the rail, but they had not paved that portion, and that was the condition at the time of the accident; " and testified further : " There was no trench there at all at the time of the accident, they filled it up as they went along, it was filled in but unpaved." The accident happened on May 7. One witness for plaintiff testified that the hole or trench along each side of the track was about twelve inches wide and six or eight inches deep, extended the whole length of the square, and had been there from the middle of February previous. And another witness stated that it had been there from the first of January or February.

The rails were laid and the cars were running at the time of the accident; and it was further proven by the plaintiff that a great many accidents had occurred in that trench. Evidence of this was admitted under objection to prove constructive notice to the city; and, if true, presented just such a condition as would warrant the city in asserting its power under section 4 of the ordinance, viz : " Such repaving shall be commenced upon each of said streets as soon as the construction of the roadbed, . . . . shall be commenced thereon, and shall be pushed and completed with all reasonable and proper diligence as rapidly as such system is being constructed in said streets, . . . . if not thus pushed, the director of the department of public works may enter upon the streets and complete the same at the expense and cost of said railway . . . . constructed thereon." The verdict is based upon the adoption by the jury of the plaintiff's testimony as the truth, and, whether the work was in process of construc-

tion by the traction company, or had been completed and an open ditch allowed to remain at side of the rail for a length of time sufficient to be constructive notice to the city of a dangerous condition of the highway was the vital fact in the case and was fairly left to the jury.

Motion for reargument refused.